EDMUND G. BROWN JR.
Attorney General of the State of California
DANE R. GILLETTE
Chief Assistant Attorney General
GERALD A. ENGLER
Senior Assistant Attorney General
PEGGY S. RUFFRA
Supervising Deputy Attorney General
JULIET B. HALEY
Deputy Attorney General
State Bar No. 162823
  455 Golden Gate Avenue, Suite 11000
  San Francisco, CA 94102-3664
  Telephone: (415) 703-5960
  Fax: (415) 703-1234
  Email: juliet.haley@doj.ca.gov
Attorneys for Respondent

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| **JASON LEE BACHMEIER,** | C 07-2924 JF (PR) |
| Petitioner, | **MOTION TO DISMISS HABEAS PETITION AS UNTIMELY** |
| v. | |
| **D. ADAMS, Warden,** | |
| Respondent. | |

    Respondent hereby moves to dismiss the petition for writ of habeas corpus for failure to comply with the statute of limitations established by the Antiterrorism and Effective Death Penalty Act (AEDPA) in 28 U.S.C. § 2244(d).

    A motion to dismiss in lieu of an answer on the merits is proper where the petition is procedurally defective. *See White v. Lewis*, 874 F.2d 599, 602 (9th Cir. 1989); *O'Bremski v. Maass*, 915 F.2d 418, 420 (9th Cir. 1990); Rules Governing 28 U.S.C. § 2254 Cases, Rule 4, and Advisory Committee Notes; *see also Jablon v. Dean Whitter & Co.*, 614 F.2d 677, 682 (9th Cir. 1980) (motion to dismiss proper if time bar is clear from face of complaint).

    We have not noticed a hearing date because petitioner is an incarcerated state prisoner who is representing himself in this action.

## STATEMENT OF THE CASE

On August 21, 2003, after having entered a nolo contendere plea to receiving stolen property, evading arrest, possessing drugs, and being a felon in possession of a firearm, petitioner was sentenced by a Sonoma County Superior Court to a state prison term of seven years and four months. Exh. 1.

Petitioner did not appeal his conviction. On October 25, 2006, petitioner filed a habeas petition in the Sonoma County Superior Court challenging his counsel's competency on the basis that he should have objected to a fine that was imposed. Exh. 2. Said petition was denied by the Sonoma County Superior Court in a reasoned decision on December 5, 2006. *Id.* On June 25, 2007, petitioner filed a habeas petition in the California Supreme which was summarily denied on July 18, 2007. Exh. 3.

Petitioner filed the instant federal habeas petition in this Court on June 5, 2007.

## ARGUMENT

## THE PETITION IS UNTIMELY

Petitioner's case is governed by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), which applies to all cases filed after its effective date of April 24, 1996. *Lindh v. Murphy*, 521 U.S. 320 (1997). Whereas prior law imposed few meaningful time constraints on the filing of federal habeas petitions, the AEDPA imposes a one-year statute of limitations. 28 U.S.C. § 2244(d). The year commences on the latest of (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review; (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevent from filing by such State action; (C) the date on which a constitutional right is newly recognized and made retroactively applicable; or (D) the date on which the factual predicate of the claim presented could have been discovered through the exercise of due diligence. 28 U.S.C. § 2244(d)(1).

Judged by these principles, and in the absence of any other factual assertion by petitioner, the year in this case commenced on "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A).

In California, in the absence of an appeal, a conviction becomes final on the date on whihc the time for filing such an appeal expired or 60 days after the superior court proceedings have concluded. Cal. Rules of Court, rule 31(d); *Lewis v. Mitchell*, 173 F.Supp. 2d 1057, 1060 (C.D. Cal. 2001).

Thus, absent any tolling, petitioner had until October 20, 2004, (60 days from August 21, 2003 plus one year) to file a timely federal petition. *Patterson v. Stewart*, 251 F.3d 1243 (9th Cir. 2001). Petitioner did not file the instant federal petition, however, until June 5, 2007, more than two years after the statute of limitations had expired. Petitioner is entitled to tolling during the pendency of any "properly filed application for the State post-conviction or other collateral review with respect to the pertinent judgment or claim," 28 U.S. C. § 2244(d)(2). Here, however, petitioner filed all of his petitions in state court after the statute of limitations period expired (first state habeas filed in Sonoma County Superior Court on October 25, 2006). Once the statute of limitations has run, a collateral action cannot revive it. *Jiminez v. Rice*, 276 F.3d 478, 482 (9th Cir. 2001).

For all the reasons given, the instant petition must be dismissed as having been filed more than two years beyond the statute of limitations.

///

///

///

Motion To Dismiss Habeas Petition As Untimely - C 07-2924 JF (PR)

3

**CONCLUSION**

Accordingly, respondent respectfully requests that the petition be dismissed as filed beyond the statute of limitations.

Dated: February 7, 2008

Respectfully submitted,

EDMUND G. BROWN JR.
Attorney General of the State of California

DANE R. GILLETTE
Chief Assistant Attorney General

GERALD A. ENGLER
Senior Assistant Attorney General

PEGGY S. RUFFRA
Supervising Deputy Attorney General

/s/ Juliet B. Haley

JULIET B. HALEY
Deputy Attorney General

Attorneys for Respondent

JBH:jw
40213409.wpd

Motion To Dismiss Habeas Petition As Untimely - C 07-2924 JF (PR)

4

## DECLARATION OF SERVICE BY U.S. MAIL

Case Name:    **Jason Lee Bachmeier v. D. Adams, Warden**

No.:    C 07-2924 JF (PR)

I declare:

I am employed in the Office of the Attorney General, which is the office of a member of the California State Bar, at which member's direction this service is made. I am 18 years of age or older and not a party to this matter. I am familiar with the business practice at the Office of the Attorney General for collection and processing of correspondence for mailing with the United States Postal Service. In accordance with that practice, correspondence placed in the internal mail collection system at the Office of the Attorney General is deposited with the United States Postal Service that same day in the ordinary course of business.

On February 7, 2008, I served the attached

**MOTION TO DISMISS HABEAS PETITION AS UNTIMELY**

by placing a true copy thereof enclosed in a sealed envelope with postage thereon fully prepaid, in the internal mail collection system at the Office of the Attorney General at 455 Golden Gate Avenue, Suite 11000, San Francisco, CA 94102-7004, addressed as follows:

**Jason Lee Bachmeier**
**K-52314**
**California State Prison, Corcoran**
**P.O. Box 3481**
**Corcoran, CA 93212**

I declare under penalty of perjury under the laws of the State of California the foregoing is true and correct and that this declaration was executed on February 7, 2008, at San Francisco, California.

|  J. Wong  |  /s/ J. Wong  |
|---|---|
|  Declarant  |  Signature  |

40215027.wpd