HONORABLE RENÉ CHOUTEAU
SUPERIOR COURT STATE OF CALIFORNIA
COUNTY OF SONOMA
600 Administration Dr., Rm. 223-J
Santa Rosa, CA 95403
Telephone: (707) 565-2461

FILED
DEC 0 6 2006
SUPERIOR COURT OF CALIFORNIA
COUNTY OF SONOMA
By_____ Deputy Clerk

SUPERIOR COURT FOR THE STATE OF CALIFORNIA

COUNTY OF SONOMA

In the Matter of:

JASON LEE BACHMEIER,

For Writ of Habeas Corpus.

Case No.: MCR-418904

ORDER ON PETITION FOR
WRIT OF HABEAS CORPUS

_____/

Having read and considered the Petition for Writ of Habeas Corpus and the case file of Case No. MCR-418904, the petition for Writ of Habeas Corpus is DENIED. P.C § 1202.4 establishes a range of $200 to $10,000 for restitution fines and leaves it to the court's discretion to choose the fine within that range. The court need not make any additional findings of fact before it may impose a fine above $200.

Petitioner fails to demonstrate that trial counsel was ineffective. In setting a felony restitution fine above the $200 minimum, the court can multiply $200 by the number of years the defendant is ordered to serve, multiplied by the number of felony counts of which the defendant is convicted. P.C. § 1202.4(b). The restitution fine of $5,000 was far below the amount the trial court could have imposed by using the statutory formula ($8,400). The restitution fine was well within the trial court's discretion, and Petitioner fails to demonstrate that trial counsel's failure to object fell below a standard of reasonable competence, or that there is a reasonable probability that a more favorable fine would have been imposed had trial counsel objected.

Dated: December 5, 2006

HON. RENÉ CHOUTEAU
Judge of the Superior Court

PROOF OF SERVICE BY MAIL

 I certify that I am an employee of the Office of the Superior Court of California, County of Sonoma, and that my business address is 600 Administration Drive, Room 207-J, Santa Rosa, California, 95403; that I am not a party to this cause; that I am over the age of 18 years; that I am readily familiar with this office's practice for collection and processing of correspondence for mailing with the United States Postal Service; and that on the date shown below I placed a true copy of the ORDER ON PETITION FOR WRIT OF HABEAS CORPUS in an envelope, sealed and addressed as shown below, for collection and mailing at Santa Rosa, California, first class, postage fully prepaid, following ordinary business practices.

District Attorney's Office
By interdepartmental mail


Jason Bachmeier - CDC # K52314
In pro per
CSP Corcoran 4B4R - 18
P. O. Box 3481  SH4
Corcoran, CA  93212


Date:  December 6, 2006  [cwb]

By _____
   Cheryl Button

MC-275

Name **Jason Bachmeier K52314**
Address **CSP CORCORAN 4B4R-18**
**P.O. Box 3481 SHU**
**Corcoran CA 93212**
CDC or ID Number **K52314**

FILED
OCT 25 2006
Clerk of the Superior Court of California
County of Sonoma
By _____ Deputy Clerk

**Superior Court of California**
**Sonoma County**
(Court)

| Petitioner |
|---|
| **Jason Lee Bachmeier** |
| vs. |
| **Sonoma Co Superior Court** |
| Respondent |

PETITION FOR WRIT OF HABEAS CORPUS

No. **MCR-418904**

(To be supplied by the Clerk of the Court)

## INSTRUCTIONS—READ CAREFULLY

- If you are challenging an order of commitment or a criminal conviction and are filing this petition in the Superior Court, you should file it in the county that made the order.
- If you are challenging the conditions of your confinement and are filing this petition in the Superior Court, you should file it in the county in which you are confined.

- Read the entire form *before* answering any questions.

- This petition must be clearly handwritten in ink or typed. You should exercise care to make sure all answers are true and correct. Because the petition includes a verification, the making of a statement that you know is false may result in a conviction for perjury.

- Answer all applicable questions in the proper spaces. If you need additional space, add an extra page and indicate that your answer is "continued on additional page."

- If you are filing this petition in the Superior Court, you need file only the original unless local rules require additional copies. Many courts require more copies.

- If you are filing this petition in the Court of Appeal, file the original and four copies of the petition and, if separately bound, one copy of any supporting documents.

- If you are filing this petition in the California Supreme Court, file the original and ten copies of the petition and, if separately bound, two copies of any supporting documents.

- Notify the Clerk of the Court in writing if you change your address after filing your petition.

- In most cases, the law requires service of a copy of the petition on the district attorney, city attorney, or city prosecutor. See Penal Code section 1475 and Government Code section 72193. You may serve the copy by mail.

Approved by the Judicial Council of California for use under Rule 60 of the California Rules of Court [as amended effective January 1, 2005]. Subsequent amendments to Rule 60 may change the number of copies to be furnished to the Supreme Court and Court of Appeal.

Page one of six

| Form Approved by the Judicial Council of California MC-275 [Rev. July 1, 2005] | PETITION FOR WRIT OF HABEAS CORPUS | Penal Code, § 1473 et seq.; Cal. Rules of Court, rule 60(a) |
|---|---|---|
| | | American LegalNet, Inc. www.USCourtForms.com |

This petition concerns:

☒ A conviction                ☐ Parole

☐ A sentence                  ☐ Credits

☐ Jail or prison conditions   ☐ Prison discipline

☒ Other (specify): RESTITUTION fine

1. Your name: _____

2. Where are you incarcerated? CSP CORCORAN 4B4R-18

3. Why are you in custody?  ☒ Criminal Conviction  ☐ Civil Commitment

    Answer subdivisions a. through i. to the best of your ability.

    a. State reason for civil commitment or, if criminal conviction, state nature of offense and enhancements (for example, "robbery with use of a deadly weapon").

    VC 2800.2 DISREGARD FOR SAFTEY, PC 12021(A)1 POSS. F/A EX-FEL, PC 496(A) RECEIVING STOLEN PROPERT, VEHICLE THEFT

    b. Penal or other code sections: VC 2800.2 / PC 12021(A) / PC 496(A) / VC 10851

    c. Name and location of sentencing or committing court: SUPERIOR COURT OF SONOMA COUNTY

    d. Case number: MCR 418964

    e. Date convicted or committed: 21 AUG 03

    f. Date sentenced: 21 AUG 03

    g. Length of sentence: 7 YRS 4 MONTH

    h. When do you expect to be released? 4·3·09

    i. Were you represented by counsel in the trial court?  ☒ Yes.  ☐ No. If yes, state the attorney's name and address:

    _____

4. What was the LAST plea you entered? (check one)

    ☐ Not guilty  ☐ Guilty  ☒ Nolo Contendere  ☐ Other: _____

5. If you pleaded not guilty, what kind of trial did you have?

    ☐ Jury  ☐ Judge without a jury  ☐ Submitted on transcript  ☐ Awaiting trial

6. GROUNDS FOR RELIEF

**Ground 1:** State briefly the ground on which you base your claim for relief. For example, "the trial court imposed an illegal enhancement." *(if you have additional grounds for relief, use a separate page for each ground. State ground 2 on page four. For additional grounds, make copies of page four and number the additional grounds in order.)*

① Conviction obtained by Guilty Plea without understanding consequences of plea. & conviction was obtained by use of coerced plea while under duress.

a. Supporting facts:
Tell your story briefly without citing cases or law. If you are challenging the legality of your conviction, describe the facts upon which your conviction is based. *If necessary, attach additional pages.* CAUTION: You must state facts, not conclusions. For example, if you are claiming incompetence of counsel you must state facts specifically setting forth what your attorney did or failed to do and how that affected your trial. Failure to allege sufficient facts will result in the denial of your petition. (See *In re Swain* (1949) 34 Cal.2d 300, 304.) A rule of thumb to follow is: *who* did exactly *what* to violate your rights at what time *(when)* or place *(where)*. *(If available, attach declarations, relevant records, transcripts, or other documents supporting your claim.)*

When my public defender discussed the plea negotiation with me he never discussed fines. nor restitution. during sentencing when the judge started handing out fines I asked my Public defender why the fines were never mentioned. He said I should "shut up" or the D.A. will take back the "deal" offered on my C.D.C. Commitment. For fear of a longer sentence I never objected to Restitution fine.

b. Supporting cases, rules, or other authority (optional):
*(Briefly discuss, or list by name and citation, the cases or other authorities that you think are relevant to your claim. If necessary, attach an extra page.)*

See attached

MC-275 [Rev. July 1, 2005]        **PETITION FOR WRIT OF HABEAS CORPUS**        Page three of six

7. Ground 2 or Ground _____ (if applicable): Denial of effective assistance to Counsel.

a. Supporting facts:

P.D. never discussed fine and at sentencing he gave me a split second to decide if I should risk A Longer sentence. nor did he argue on my behalf that my restitution fine be based on my ability to pay such a high amount of restitution.

b. Supporting cases, rules, or other authority:

See attached

8. Did you appeal from the conviction, sentence, or commitment?  ☐ Yes.  ☒ No.  If yes, give the following information:
   a. Name of court ("Court of Appeal" or "Appellate Dept. of Superior Court"): _____
   
   b. Result _____   c. Date of decision: _____
   
   d. Case number or citation of opinion, if known: _____
   
   e. Issues raised: (1) _____
   
      (2) _____
   
      (3) _____
   
   f. Were you represented by counsel on appeal?  ☐ Yes.  ☐ No. If yes, state the attorney's name and address, if known: _____

9. Did you seek review in the California Supreme Court?  ☐ Yes  ☒ No.  If yes, give the following information:
   a. Result _____   b. Date of decision: _____
   
   c. Case number or citation of opinion, if known: _____
   
   d. Issues raised: (1) _____
   
      (2) _____
   
      (3) _____

10. If your petition makes a claim regarding your conviction, sentence, or commitment that you or your attorney did not make on appeal, explain why the claim was not made on appeal:
    N/A

11. Administrative Review:
    a. If your petition concerns conditions of confinement or other claims for which there are administrative remedies, failure to exhaust administrative remedies may result in the denial of your petition, even if it is otherwise meritorious. (See *In re Muszalski* (1975) 52 Cal.App.3d 500 [125 Cal.Rptr. 286].) Explain what administrative review you sought or explain why you did not seek such review:
       N/A
    
    b. Did you seek the highest level of administrative review available?  ☐ Yes.  ☐ No.
       *Attach documents that show you have exhausted your administrative remedies.*

MC-275 [Rev. July 1, 2005]      **PETITION FOR WRIT OF HABEAS CORPUS**      Page five of six

12. Other than direct appeal, have you filed any other petitions, applications, or motions with respect to this conviction, commitment, or **issue** in any court?  ☐ Yes. If yes, continue with number 13.  ☒ No. If no, skip to number 15.

13. a. (1) Name of court: _____

   (2) Nature of proceeding (for example, "habeas corpus petition"): _____

   (3) Issues raised: (a) _____

       (b) _____

   (4) Result *(Attach order or explain why unavailable):* _____

   (5) Date of decision: _____

   b. (1) Name of court: _____

   (2) Nature of proceeding: _____

   (3) Issues raised: (a) _____

       (b) _____

   (4) Result *(Attach order or explain why unavailable):* _____

   (5) Date of decision: _____

   c. *For additional prior petitions, applications, or motions, provide the same information on a separate page.*

14. If any of the courts listed in number 13 held a hearing, state name of court, date of hearing, nature of hearing, and result: N/A

15. Explain any delay in the discovery of the claimed grounds for relief and in raising the claims in this petition. (See *In re Swain* (1949) 34 Cal.2d 300, 304.) Conditions of Confinement allow limited access to Law Library, and I am not a practicer of Law nor knowlegable in Law.

16. Are you presently represented by counsel?  ☐ Yes.  ☒ No. If yes, state the attorney's name and address, if known:

17. Do you have any petition, appeal, or other matter pending in any court?  ☐ Yes.  ☒ No. If yes, explain:

18. If this petition might lawfully have been made to a lower court, state the circumstances justifying an application to this court: N/A

I, the undersigned, say: I am the petitioner in this action. I declare under penalty of perjury under the laws of the State of California that the foregoing allegations and statements are true and correct, except as to matters that are stated on my information and belief, and as to those matters, I believe them to be true.

Date: 16 Oct 06                              ▶ /s/ Jason Boehm
                                             (SIGNATURE OF PETITIONER)

MC-275 [Rev. July 1, 2005]    **PETITION FOR WRIT OF HABEAS CORPUS**    Page six of six

## RESTITUTION

GOVERNMENT CODE SECTION 13967, Subdivision (a) states in pertinent part:

> "... if the person is convicted of one or more felony offenses, the court shall impose a seperate and additional restitution fine of not less than two hundred dollars ($200), subject to the defendants ability to pay ..." [1] (Gov. Code, sec 13967, subd(a).)

In a recent case, People v. Frye (1994) 21 Cal. App. 4th 1483, 1485, the ~~Frye~~ court concluded that an ability to pay must be considered by the sentencing court before ordering any amount of restitution fine.

The future consideration of appellants ability to pay is impliedly addressed by GOVERNMENT CODE SECTION 13967.5 which requires payment of the restitution fine within 60 days to avoid an assessment of collection costs, looking to "cash on hand".

As noted in People v. Mendez (1987) 194 Cal. App 3d 1012, "[There is no statutory authority empowering a court to impose such a condition [consideration of future earning ability.]" (Id., At p. 1213) GOVERNMENT Code Section 13967.5 makes it clear that a fine imposed pursuant to section 13967(a) "is due at the time of judgement", not at some period of time in the future. (People v. Mendez, Supra, At p. 1212-1213). If not paid within 60 days

---

[1] THE PHRASE "SUBJECT TO DEFENDANTS ABILITY TO PAY" WAS ADDED BY AMENDMENT EFFECTIVE SEPTEMBER 14, 1992.

pg. 1

of the judgement, the ~~debt~~ fine becomes a debt owed to the state, enforceable in the manor provided for enforcement of money judgement. (Ibid., citing People v. Long (1985) 164 Cal App. 3d 820, 827; Gov. Code, sec 13967.5, subd. (b).)

Further instruction as to this question is found from the Assembly Committee on Public Saftey Report written pertaining to Senate Bill 1444. In amending Government Code section 13967, Subdivision (a), the Assembly Committee on Public Saftey (June 30, 1992, SB 1444) addressed the "ability to pay" amendment of the Government Code as follows:

"the term "ability to pay" means the overall capability of the defendant to pay costs set by the Court. The court must consider the defendants present financial situation; reasonably discernable future financial position; likelihood that the defendant shall be able to obtain employment within the six month period from the date of the hearing; any other factors which may bear upon the defendant's financial capability. (Report, At p. 3. EMPHASIS ADDED)

Thus, the legislative intent limits consideration of future earnings to "Reasonable discernable future financial position" and likelihood of employment within six monthes from the date of the hearing. Consideration of long term ability to pay, especially without articulable facts to support such a future ability to pay, is, therefore, inconsistent with legislative intent.

pg. 2

It is also instructive to look at the definition of "ABILITY TO PAY" in other penal code sections. Section 1203.1c details the nature of the hearing into the defendant's ability to pay, and defines "ABILITY TO PAY" as the "overall capability of the defendant to reimburse the costs" including 1.) present financial obligations, 2.) reasonably discernable future financial position. "IN NO EVENT SHALL THE COURT CONSIDER A PERIOD OF MORE THAN ONE YEAR FROM THE DATE OF THE HEARING" for purposes of determining reasonable discernable future position, and 3.) "Likelihood that the defendant shall be able to obtain employment within the one year period from the date of the hearing." (Pen. Code, sec 1203.1c, Subd (b))

Penal Code section 1463.14, Subdivision (c) defines ability to pay as "the overall ability of a defendant to pay, taking into consideration (A) Present financial obligations, including family, Support obligations and fines, penalties and other obligations to the courts (B) Reasonable discernable future financial position over the next (12) Months."

Thus, the legislature has addressed the definition of "ability to pay" in many contexts — limiting consideration of future ability to pay to six to twelve months. Considering this and also based on the express language in the report of the Assembly Committee on Public Saftey (30 JUN 92 SB 1444) it is unequivocal that the legislature intended that the consideration of a defendants future financial ability be limited to more than six Months from the date of the hearing

Consideration of the defendant's potential prison earnings is also inappropriate. People V. Castro (1994) 24 Cal. app 4th 1661, discusses the likelihood of an amount of a defendant's prison wages. First, it is important to note that there is no assurance that a prisoner will be placed in a facility that offers wages for work. (See also People V. Mendez (1994) 26 Cal App. 4th 283, 288 fn. 3)

Likewise, a work assignment in prison is not guaranteed to be available to a prisoner at all times. The work time statue does not require that all prisoners be given work time credit assignments — only that prisoners have a "reasonable opportunity to participate in a full time credit qualifing assignment..." (PC 2933(b); see also PC 2717.5, 2761, 2781.) Work assignments may be denied to prisoners in Segregation (Toussaint v. McCarthy (9th Cir. 1986) 801 F. 2d 1080, 1095), on Waiting list (Kalka v. Vasquez (9th Cir. 1989) 867 F. 2d 546) and in Reception Centers (In Re Vargas (1985) 172 Cal. App. 3d 316).

Thus, whether a defendant makes any wages in prison at all is speculative, at best. If a prisoner is fortunate enough to get wages for work, the Amount of wages is between $12.00 and $56.00 per month. (Cal. Dept. of Corr. Op. Man. sec 51120.7) Pursuant to Pen. Code Sec. 2085.5, amended in 1992, the provision for garnishment of wages to pay fines is 50% Maximum. However, despite the admendment, the CDC Code of Regulations, Title 15 Section 3097

pg 4

has been changed from the pre-1992 maximum of 20% garnishment. Also, it is apparent that many prison facilities, as a matter of policy, do not garnish the maximum allowed of the prisoner's meager wages.[2]

To allow the fact that merely because one is sent to prison and has the opportunity to be employed while in prison to be sufficient for a finding of an ability to pay would in effect cause the added "ability to pay" phrase by the legislature to be more surplusage!

In construing the words of a statute or Constitutional provision to discern its purpose, the provision should be read together; an interpretation which would render terms surplusage should be avoided, and every word should be given some significance, leaving no part useless or devoid of meaning. (People v. Vega-Hernandez (1986) 179 Cal. App. 3d. 1084, 1100-1101; citing Gay Law Students Assn. v. Pacific Tel & Tel. Co. (1979) 24 Cal 3d. 458, 478). Thus, without an accurate, specific evaluation of the realistic, potential income that a defendant could earn while in prison, it could be improperly assumed that everyone who is subject to the provisions of Section 1367(a) and who is sentenced to prison would have an ability to pay the fine, no matter the amount, by the mere fact of the Court's

---

[2] THE AMOUNT OF THE WAGES IS SO LOW THAT IT PROVIDES LITTLE INCENTIVE FOR A PRISONER TO WORK. IF THESE LOW WAGES ARE CUT IN HALF BY GARNISHMENT, THE INCENTIVE TO WORK IS CLEARLY DIMINISHED. THIS IS CONTRARY TO THE OBJECTIVES OF THE PRISON FACILITIES.

Pg. 5

sentence choice to deny probation. This would, in effect, allow the court to speculate, with no facts to support the courts conclusion, that a defendant has the ability to pay the fine and, therefore, would deny appellant his right to a fair sentencing hearing.

Whatever the specific procedural safeguards required at a sentencing hearing concerning restitution, fundamental fairness must be assured and reliability of the information upon which an ordered is based is the "Key issue in determining fudamental fairness." (People V. Vega-Hernandez, Supra, at p.1100, quoting People V. Arbuckle (1978) 22 Cal.3d 749, 755; Compare also [People V. Blankenship (1989) 213 Cal. App. 3d 992, 998, fn.5] the courts discretion in determining the amount of the restitution fine to be imposed must be supported by the record.)

Appellant anticipates that the respondants will argue that since the appellant did not object to the imposition of the $7600 RESTITUTION fine, appellant review of the fine is waived.

The court in People V. Castro, supra, 24 cal. App 4th 1661, held that failure to object to the trail Court's order of restitution did not constitute wavier of a challenge that the court exceeded its statutory power in ordering an excessive restitution fine. (Id. at p. 1669). The court concluded that: "When a defendant challenges a restitution order under Government Code Sec. 13967 on the ability-to-pay issue, procedural issues are waived if not raised in the trial court, but

pg. 6

claims that the trial court exceeded its statutory power may be raised for the first time on appeal." (see People v. Blankenship (1989) 213 Cal. App. 3d 992; People v. Neal (1993) 19 Cal. App. 4th 1114; People v. Zito (1992) 8 Cal. App. 4th 736).

If, on appeal, a defendant argues that a courts restitution order is unsupported by factual information before the trial court, one issue raised is that the court exceeded it's statutory power in imposing the fine without evidence of an ability to pay. This follows from the express wording of Section 13967 which limits the courts Authority to fine a defendant based upon an ability to pay.

Moreover, in an analoguous situation, the Supreme Court held that a failure to object to an improperly imposed[3] restitution fine did not waive appeal of the issue, but instead allowed for imposition of the statutory minimum fine. (People v. Walker (1991) 54 Cal. 3d 1013, 1029).

Furthermore, waiver should not apply to the instant case since the law reguarding the imposition of the Section 13967(a) restitution fine is unsettled. The amendment to this section requiring the sentencing court to determine the defendants ability to pay became effective in Sept, 1992. The Supreme Court recently granted review of several cases dealing with this very subject. Under circumstances of unsettled law — such as in the present case — courts have typically excused failure to object. (See e.g., People v. McGee (1977) 19 Cal. 3d 948, 968)

---

[3] IN WALKER THE IMPROPER IMPOSITION OF THE FINE WAS DUE TO THE FAILURE OF THE COURT TO ADVISE THE DEFENDANT, AT THE TIME OF HIS PLEA, THAT HE COULD BE SUBJECT TO A RESTITUTION FINE.

pg. 7

Assuming, Arguendo, that failure to object to an excessive restitution fine waives its appeal cognizability, the failure to object was clearly ineffective assistance of Counsel. The seminal case in the area of ineffective assistance of counsel is People v. Pope (1979) 23 Cal. 3d 412. In Pope, the California Supreme Court set forth the general rule that every person accused of a crime is entitled to a constitutionally adequate legal defense consisting of the services of a reasonably competent attorney acting as a diligent conscientious advocate. (Id., AT p 424).

On appeal, to establish ineffective assistance of counsel, the appellant must show: 1.) trail counsel failed to act in a manner to be expected of a reasonably competent attorney acting as a diligent advocate and 2.) there is a reasonable probability that a more favorable determination would have resulted in the absence of counsels failings. (People v. Johnson (1989) 47 Cal. 3d 1194, 1251. The U.S. Supreme Court in Strickland v. Washington (1984) 466 U.S. 668, 693-694 [80 L. Ed. 2d 674, 104 S. Ct. 2052], determined that a reasonable probability is not a showing that "Counsel's Conduct more likely than not altered the outcome in the Case," but simply "A probability sufficient to undermine confidence in the outcome."

Finally, it must be shown, from the record, or in a habeas Corpus proceeding, that the Counsel's performance was not the result of a tactical decission within the range of reasonable Competence. (People v. Pope, Supra, 23 Cal. 3d At p 425-426)

In the instant case, considering appellant's economic status, his ability to pay in the Reasonable foreseeable future is minimal, at best. His counsel's duty to offer viable defenses in his behalf clearly include defending against imposition of an excessive restitution fine. Thus, in the area of the restitution fine, counsel did not act as a diligent advocate. Furthermore, Appellant's economic status allows a determination that there was reasonable probability that the lower restitution fine would have resulted from a hearing on appellant's ability to pay in the Reasonable foreseeable future. Finally, the nature of the ineffectiveness — failure to object to an excessive fine — could not be a result of a tactical decision within the range of reasonable advocacy. In sum, the failure to request an express determination of appellant's ability to pay was an ineffective assistance of Counsel requiring reversal of fine.

In summary, based upon the analysis of Government Code Section 13967.5 by the court in People v. Mendez, Supra, 194 Cal. App. 3d 1210, there is no statutory authority empowering a court to consider the future earnings ability of a defendant beyond 60 days from the Judgement. Moreover, given the language of the report of the assembley committee as quoted above, the 1991-1992 Session Legislature also contemplated that the trial court is limited to consideration of a defendant's present financial situation along with the reasonable likelihood of gainful employment within a short period of time — certainly no longer than six monthes (People v. Barnes (1986) 42 Cal. 3d 284, 295 [Reference to legislative

pg 9

analysis material is proper in interpreting legislative enactments].). Finally, due to the speculative nature of possible earnings while in prison, prison wages, without factual basis, can not be used to support a defendant's ability to pay.

Although the remedies available to this court regarding the failure of the sentencing Court to properly order the $200.00 restitution include a remand for hearing and resentencing, considering the amount of the fine and considering appellant's apparent inability to pay, the only reasonable remedy is to strike the fine entirely.

While People V. Walker, Supra, 54 Cal 3d 1013, is not directly applicable to this case, it does provide some guidance as to the appropriate Remedy in this case. Rather than Remanding the case, the Supreme Court in Walker decided the more appropriate remedy was to simply reduce the amount of the fine to the statutory minimum of $100.00 (Id at p. 1029). The Court held that "striking the fine [entirely] is not appropriate because the fine is Mandatory." (Id. at p 1027)

For reasons of judicial economy, the Court held that the remanding the matter to allow the defendant to withdraw his plea would not be appropriate. The Court noted the cost of transporting the defendant from state prison elsewhere in the state and the concomitant security arrangements would often cost the criminal justice system far more than might actually be collected as part of the restitution fine." (Id, at p 1027-1029) This does not include