JASON LEE BACHMEIER
CSP - CORCORAN SHU
P.O. BOX 3481  4B4R-18
CORCORAN, CA 93212
# K50314



FILED

08 MAR -3 PM 1:24

CLERK U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

IN THE UNITED STATES DISTRICT
COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA

JASON LEE BACHMEIER,

           PETITIONER,

    V.

D. ADAMS, WARDEN,

           RESPONDANT.

NO. C 07-2924 JF (PR)

OPPOSITION TO MOTION TO DISMISS HABEAS PETITION AS UNTIMELY; AND, DECLARATION IN SUPPORT

    PETITIONER, JASON LEE BACHMEIER, HEREBY REQUEST THE COURT TO DENY RESPONDANT'S MOTION TO DISMISS THE PETITION FOR WRIT OF HABEAS CORPUS AS UNTIMELY (DATED: FEBRUARY 7, 2008).

## PROCEDURAL ISSUES

    PETITIONER AGRESS THAT THE PETITION IS GOVERNED BY THE ANTITERISM AND EFFECTIVE DEATH PENALTY ACT ("AEDPA") IN 28 U.S.C § 2244 (d). HOWEVER, PETITIONER CONTENDS THAT A HABEAS PETITION ALLEGED AS UNTIMELY CAN BE HEARD ON THE MERITS WHEN EXTRAORDINARY CIRCUMSTANCES IS RESPONSIBLE FOR THE DELAY IN FILING TO PRESERVE FUNDAMENTAL FAIRNESS.

1.

1 THERE HAVE BEEN NO STATE PROCEDURAL DEFAULTS.

2

3 ARGUMENT

4

5 PETITIONER IS AN INMATE HOUSED AT CORCORAN STATE PRISON
6 SECURITY HOUSING UNIT ("SHU").

7 PETITIONER IS A LAYMAN AT LAW AND LACKS IN EDUCATION AND
8 KNOWLEDGE OF THE AEDPA.

9 PRISON AUTHORITIES AND STAFF AT CORCORAN SHU FAIL TO PROVIDE
10 CURRENT LEGAL MATERIALS IN THE PRISON LAW LIBRARY.

11 ACCESS TO LAW LIBRARY IS LIMITED DUE TO LIMITED SPACE,
12 LACK OF STAFF, AND SECURITY RESTRICTIONS.

13 FURTHERMORE, PETITIONER CONTENDS THAT THE STATE COURT
14 UNREASONABLY DETERMINED THE FACTS; AND THAT THE FACTS WHICH THE STATE
15 COURT FOUND ARE CONTRADICTED BY CLEAR AND CONVINCING EVIDENCE IN THE
16 RECORD; AND THAT THE STATE COURT'S CONCLUSIONS OF LAW ARE CONTR-
17 ARY TO, AND CONSIST OF AN UNREASONABLE APPLICATION OF, CLEARLY
18 ESTABLISHED LAW AS DETERMINED BY U.S SUPREME COURT.

19 IN THE INSTANT CASE, THE STATE COURT UNREASONABLY DET-
20 ERMINED THAT THE RESTITUTION FINE OF $5,000 WAS WELL WITHIN
21 THE TRIAL COURT'S DISCRETION. (SEE RESPONDENT'S MOTION TO DISMISS
22 AT EXHIBIT 2 PAGE 1.)

23 GOVERNMENT CODE SECTION 13967 SUBDIVISION (A) STATES IN
24 PERTINENT PART :

25 ... IF THE PERSON IS CONVICTED OF
26 ONE OR MORE FELONY OFFENSES, THE
27 COURT SHALL IMPOSE A SEPERATE AND
28 ADITIONAL RESTITUTION FINE OF NOT

2.

LESS THAN TWO HUNDRED DOLLARS

($ 200 ), SUBJECT TO THE DEFEN-

DANT'S ABILITY TO PAY ... [1]/

( GOV. CODE, SEC. 13967, SUBD (a) )

THE ABILITY TO PAY MUST BE CONSIDERED BY THE SENTENCING COURT BEFORE ORDERING ANY AMOUNT OF RESTITUTION FINE. AND THERE MUST BE SUBSTANTIAL EVIDENCE TO SUPPORT A DEFENDANT'S ABILITY TO PAY.

THE FUTURE CONSIDERATION OF ABILITY TO PAY IS IMPLIEDLY ADDRESSED BY GOVERNMENT CODE SECTION 13967.5 WHICH REQUIRES PAYMENT OF THE RESTITUTION FINE WITHIN 60 DAYS TO AVOID AN ASSESSMENT OF COLLECTION COSTS, LOOKING TO "CASH ON HAND".

IF NOT PAID WITHIN 60 DAYS OF THE JUDGEMENT THE FINE BECOMES A DEBT OWED TO THE STATE ENFORCEABLE IN THE MANNER PROVIDED FOR ENFORCEMENT OF MONEY JUDGEMENT. ( GOV. CODE SEC. 13967.5 SUBD. (b) )

FURTHER INSTRUCTION AS TO THIS QUESTION IS FOUND FROM THE ASSEMBLY COMMITTEE OF PUBLIC SAFETY REPORT WRITTEN PERTAINING TO SENATE BILL 1444. IN AMENDING GOVERNMENT CODE SECTION 13967, SUBDIVISION (a), THE ASSEMBLY COMMITTEE ON PUBLIC SAFETY ( JUNE 30, 1992, S B 1444) ADDRESSED THE "ABILITY TO PAY" AMEND- MENT OF GOVERNMENT CODE AS FOLLOWS :

THE TERM "ABILITY TO PAY" MEANS THE OVERALL CAPABILITY OF DEFENDANT TO PAY THE COSTS SET BY THE COURT. THE COURT MUST CONSIDER THE DEFENDANT'S PRESENT FINANCIAL POSITION ; LIKELIHOOD THAT DEFENDANT SHALL BE ABLE TO OBTAIN

[1]/ THE PHRASE " SUBJECT TO DEFENDANT'S ABILITY TO PAY " WAS ADDED BY AMENDMENT EFFECTIVE SEPTEMBER 14, 1992.

3.

1  EMPLOYMENT WITHIN THE SIX MONTH PERIOD FROM THE DATE OF THE

2  HEARING; ANY OTHER FACTORS WHICH MAY BEAR UPON THE DEFEN-

3  DANT'S FINANCIAL CAPABILITY. (REPORT, AT P. 3 EMPHASIS ADDED)

4          THUS, THE LEGISLATIVE INTENT LIMITS CONSIDERATION

5  OF FUTURE EARNINGS TO "REASONABLY DISCERNIBLE FUTURE

6  FINANCIAL POSITION" AND LIKELIHOOD OF EMPLOYMENT WITHIN

7  SIX MONTHS FROM THE DATE OF HEARING. CONSIDERATION OF LONG

8  TERM ABILITY TO PAY ESPECIALLY WITHOUT ARTICULABLE FACTS TO

9  SUPPORT SUCH A FUTURE ABILITY TO PAY, IS, THEREFORE, INCON-

10 SISTENT WITH LEGISLATIVE INTENT.

11          IT IS ALSO INSTRUCTIVE TO LOOK AT THE DEFINITION

12 OF "ABILITY TO PAY" IN OTHER PENAL CODE SECTIONS. SECTION

13 1203.1 C DETAILS THE NATURE OF THE HEARING INTO DEFEN-

14 DANT'S ABILITY TO PAY AND DEFINES "ABILITY TO PAY" AS THE

15 "OVERALL CAPABILITY OF THE DEFENDANT TO REIMBURSE THE

16 COSTS" INCLUDING (1) PRESENT FINANCIAL OBLIGATIONS (2) REAS-

17 ONABLY DISCERNIBLE FUTURE FINANCIAL POSITION" IN NO

18 EVENT SHALL THE COURT CONSIDER A PERIOD OF MORE THAN ONE

19 YEAR "FROM THE DATE OF THE HEARING" FOR PURPOSES OF DETERMING

20 REASONABLE DISCERNABLE FUTURE POSITION, AND (3) "LIKELIHOOD

21 THAT THE DEFENDANT SHALL BE ABLE TO OBTAIN EMPLOYMENT

22 WITHIN THE ONE YEAR PERIOD FROM THE DATE OF THE HEARING."

23 (CA. PEN. CODE, SEC. 1203.1 C, SUBD. (b)).

24          CALIFORNIA PENAL CODE SECTION 1463.14, SUBDIVISION

25 (C) DEFINES ABILITY TO PAY AS "THE OVERALL ABILITY OF A DEFENDANT

26 TO PAY, TAKING INTO CONSIDERATION " (A) "PRESENT FINANCIAL OBLIG-

27 ATIONS INCLUDING FAMILY SUPPORT OBLIGATIONS, AND FINES, PENALTIES

28 AND OTHER OBLIGATIONS TO THE COURT" (B) " REASONABLY DISCER-

4.

1  NIBLE FUTURE FINANCIAL POSITION OVER THE NEXT 12 MONTHS".

2  THUS THE LEGISLATURE HAS ADDRESSED THE DEFINITION

3  OF "ABILITY TO PAY" IN MANY CONTEXTS -- LIMITING CONSIDER-

4  ATION OF FUTURE ABILITY TO PAY TO SIX TO TWELVE MONTHS. CON-

5  SIDERING THIS AND ALSO BASED UPON THE EXPRESS LANGUAGE IN

6  THE REPORT OF THE ASSEMBLY COMMITTEE ON PUBLIC SAFETY

7  (JUNE 30, 1992, SB 1444), IT IS UNEQUIVOCAL THAT THE

8  LEGISLATURE INTENDED THAT THE CONSIDERATION OF A DEFENDANT'S

9  FUTURE FINANCIAL ABILITY BE LIMITED TO MORE THAN SIX

10  MONTHS FROM THE DATE OF THE HEARING.

11  CONSIDERATION OF PETITIONER'S POTENTIAL EARNINGS

12  IS ALSO INAPPROPIATE. IN THE INSTANT CASE, THE SENTENCING COURT

13  IMPOSED A $5,000 FINE BASED ON THE ERRONEOUS ASSUMPTION THAT

14  PETITIONER COULD PAY THE FINE OUT OF HIS EARNINGS WHILE INCAR-

15  CERATED IN CALIFORNIA STATE PRISON SYSTEM. THE RATE OF PAY FOR

16  WORK PERFORMED BY PRISON INMATES ARE SET FORTH IN THE CAL-

17  IFORNIA DEPARTMENT OF CORRECTIONS OPERATIONS MANUAL ("DOM"),

18  SECTION 51120.7. FURTHERMORE, NOT ALL INSTITUTIONS UNDER THE

19  CALIFORNIA DEPARTMENT OF CORRECTIONS STRICTLY FOLLOW THE DOM

20  § 51120.7. SOME INSTITUTIONS MAKE NO PAY NUMBERS AVAILABLE.

21  IN THE INSTANT CASE, PETITIONER'S TOTAL INCARCERATION

22  HAS BEEN IN CORCORAN STATE PRISON - SHU. WHERE NO WORK ASSIGN-

23  MENTS ARE ISSUED. MAKING A PAY NUMBER LITERALLY UNAVAILABLE.

24  THUS, PETITIONER HAS NOT PAID ONE CENT TOWARDS THE $5,000 FINE

25  IMPOSED BY THE COURT.

26  MOREOVER THE COURT COULD NOT HAVE JUSTIFIABLY, ALBEIT

27  TACTICALLY, ASSUME THAT A PRISONER WOULD BE ABLE TO PAY THE

28  FINE FROM EARNINGS FROM EMPLOYMENT AFTER HIS RELEASE. IN

THE INSTANT CASE, PETITIONER ONLY WORKED OCCASSIONALLY. IT IS THEREFORE EXCEEDLY DOUBTFUL WETHER PETITIONER WILL BE ABLE TO EARN MUCH AFTER BEING AWAY FROM A TRADE FOR SO LONG, ALSO BEING AN EX-CON ON PAROLE WOULD NOT BE CONDUCIVE TO BEING STEADILY EMPLOYED AFTER HE IS EVENTUALLY RELEASED FROM PRISON.

THE SENTENCING COURT EXCEEDED IT'S STATURTORY POWER WHEN IT IMPOSED A FINE WITH NO SUFFICIENT EVIDENCE TO SUPPORT PETITION- ER'S ABILITY TO PAY. THEREFORE, THE STATE'S CONCLUSION TO IMPOSE A FINE OF $5,000 WITHOUT FIRST ADDRESSING PETITIONER'S ABILITY TO PAY IS UNREASONABLE AND CONTRARY TO CLEARLY ESTABLISHED LAW.

PETITIONER CONTENDS THAT THE STATE COURT UNREASONABLY DETERMINED THE FACTS, AND THAT THE FACTS WHICH THE STATE COURT FOUND ARE CONTRADICTED BY CLEAR AND CONVINCING EVIDENCE IN THE RECORD; AND THAT THE STATE COURT'S CONCLUSIONS OF LAW ARE CONTRARY TO, AND CONSIST OF AN UNREASONABLE APPLICATION OF, CLEARLY ESTABLISHED LAW AS DETERMINED BY U.S SUPREME COURT: WHEN IT CONCLUDED THAT PETITIONER FAILS TO DEMONSTRATE THAT TRIAL COUNSEL'S FAILURE TO OBJECT FELL BELOW A STANDARD OF REASONABLE COMPETENCE, OR THAT THERE IS A REASON- ABLE PROBABILTY THAT A MORE FAVORABLE FINE WOULD HAVE BEEN IMPOSED HAD TRIAL COUNSEL OBJECTED. (SEE RESPONDANT'S MOTION TO DISMISS AT EXHIBIT 2, PAGE 1.)

EVERY PERSON ACCUSSED OF A CRIME IS ENTITLED TO A CONSTIT- UTIONALLY ADEQUATE LEGAL DEFENSE CONSISTING OF THE SERVICES OF A REASONABLY COMPETANT ATTORNEY ACTING AS A DILIGENT CONSC- IENTIOUS ADVOCATE.

ON APPEAL, TO ESTABLISH INEFFECTIVE ASSISTANCE OF COUNSEL, THE

APPELLANT MUST SHOW :  1) THE TRIAL COUNSEL FAILED TO ACT IN A MANNER TO BE EXPECTED OF A REASONABLY COMPETENT ATTORNEY ACTING AS A DELIGENT ADVOCATE AND)  2) THERE IS A REASONABLE PROBABILITY THAT A MORE FAVORABLE DETERMINATION WOULD HAVE RESULTED IN THE ABSENCE OF COUNSEL'S FAILINGS .

THE UNITED STATES SUPREME COURT IN STRICKLAND V. WASHING-TON (1984) 466 U.S 668, 693-694 [80 L.E.D. 2d 674, 104 S.CT. 2052], DETERMINED THE REASONABLE PROBABILITY IS NOT A SHOWING THAT " COUNSEL'S CONDUCT MORE LIKELY THAN NOT ALTERED THE OUTCOME IN THE CASE," BUT SIMPLY " A PROBABILITY SUFFICIENT TO UNDER-MINE CONFIDENCE IN THE OUTCOME. "

FINALLY, IT MUST BE SHOWN, FROM THE RECORD, OR IN A HABEAS CORPUS PROCEEDING, THAT COUNSEL'S PERFORMANCE WAS NOT THE RESULT OF A TACTICAL DECISION WITHIN THE RANGE OF REASONABLE COMPETENCE.

IN THE INSTANT CASE, CONSIDERING PETITIONER'S ECONOMIC STATUS, ITS CLEAR AND CONVINCING, HIS ABILITY TO PAY IN THE FORESEEABLE FUTURE IS ZERO . HIS COUNSEL'S DUTY TO OFFER VIABLE DEFENSES IN HIS BEHALF CLEARLY INCLUDE DEFENDING AGAINST IMPOSITION OF AN EXCESSIVE RESTITUTION FINE. THUS, IN THE AREA OF THE RESTITUTION FINE COUNSEL DID NOT ACT AS A DELIGENT ADVOCATE .

FURTHERMORE, PETITIONER'S ECONOMIC STATUS, AND THAT HE NEVER WAS ASSIGNED A WORK ASSIGNMENT, AND TO DATE HAS NOT PAID ANY PORTION OF THE $ 5,000 FINE ALLOWS A DETERM-INATION THAT THERE WAS A REASONABLE PROBABILITY THAT THE LOWER RESTITUTION FINE WOULD HAVE RESULTED FROM A HEARING ON PETITIONER'S ABILITY TO PAY IN THE REASONABLE FORESEEABLE FUTURE.

//

7.

1  FINALLY, THE NATURE OF INEFFECTIVE ... FAILURE TO OBJECT
2  TO AN EXCESSIVE FINE ... COULD NOT BE A RESULT OF A TACTICAL
3  DECISION WITHIN THE RANGE OF REASONABLE ADVOCACY.
4  IN SUM, THE FAILURE TO REQUEST AN EXPRESS DETERMINATION
5  OF PETITIONER'S ABILITY TO PAY WAS AN INEFFECTIVE ASSISTANCE OF
6  COUNSEL. (ALSO, IN THE INSTANT CASE, STOLEN ITEMS WERE RETURNED TO
7  OWNERS.)

8  ### CONCLUSION

9
10  FOR THE ABOVE REASONS, PETITIONER RESPECTFULLY REQUESTS
11  THE COURT DENY RESPONDANT'S MOTION TO DISMISS HABEAS PETITION
12  AND HEAR IT ON THE MERITS.

22  DATED: FEB 22, 2008

JASON LEE BACHMEIER
PETITIONER IN PRO PER

8.

# PROOF OF SERVICE BY MAIL

## BY PERSON IN STATE CUSTODY

### (Fed. R. Civ. P. 5; 28 U.S.C. § 1746)

I, _____JASON LEE BACHMEIER_____, declare:

I am over 18 years of age and a party to this action.  I am a resident of _____

_____CSP - CORCORAN_____Prison,

in the county of _____KINGS_____,

State of California.  My prison address is: _____P.O BOX 3481  4B4R · 18____

_____CORCORAN, CA 93212_____

On_____FEBRAURY 22, 2008_____
(DATE)

I served the attached: ___OPPOSITION TO MOTION TO DISMISS ; AND,___

___DECLARATION IN SUPPORT_____
(DESCRIBE DOCUMENT)

on the parties herein by placing true and correct copies thereof, enclosed in a sealed envelope, with postage

thereon fully paid, in the United States Mail in a deposit box so provided at the above-named correctional

institution in which I am presently confined.  The envelope was addressed as follows:

CLERKS OFFICE : U.S DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
450 GOLDEN GATE AVENUE, 16TH FLOOR
SAN FRANCISCO, CA 94102

I declare under penalty of perjury under the laws of the United States of America that the foregoing

is true and correct.

Executed on FEB 22, 2008_____        _____
(DATE)                                   (DECLARANT'S SIGNATURE)

DECLARATION OF : JASON L. BACHMEIER, K52314

CSP CORCORAN 4B4R·16

PO BOX 3481 SHU

CORCORAN, CA 93212

I, JASON LEE BACHMEIER, DECLARE THAT:

1) I AM 18 YEARS OF AGE AND PARTY OF THIS ACTION;

2) I AM INCARCERATED CORCORAN STATE PRISON, SHU;

3) I AM A LAYMAN AT LAW AND LACK IN EDUCATION AND KNOWLEDGE OF THE A.E.D.P.A.;

4) PRISON AUTHERITIES AND STAFF AT CORCORAN SHU FAIL TO PROVIDE CURRANT LEGAL MATIREALS IN PRISON LAW LIBRARY';

5) ACCESS IN LAW LIBRARY IS VERY LIMITED DUE TO LACK OF SPACE, LACK OF STAFF AND SECURITY RESTRICTIONS;

6) I HAVE BEEN HOUSED IN CORCORAN SHU THROUGHOUT THE DURATION OF MY INCARCERATION;

7) WORK ASSIGNMENTS ARE NOT ISSUED TO PRISONERS IN SHU;

8) PAY NUMBERS ARE UNAVAILIBLE IN SHU;

9) I HAVE PAID ZERO TOWARDS THE $5000 RESTITUTION FINE;

10) STOLEN ITEMS WERE RETURNED TO OWNERS.

I DECLARE UNDER THE LAWS OF THE UNITED STATES OF AMERICA THAT THE FERGOING IS TRUE AND CERRECT. (28 U.S.C. §1746)

EXECUTED ON FEB 22, 2008    SIGNATURE _____

DEAR CLERK,

ENCLOSED IS ONE ORIGINAL COPY OF MY "OPPOSITION TO DISMISS HABEAS..." CAN YOU PLEASE FILE IT IN YOUR COURT?

FURTHERMORE, INCLOSED IS A COPY OF THE COVER PAGE TO SAID OPPOSITION. CAN YOU PLEASE STAMP IT AND RETURN IT TO ME FOR MY FILES? (S.A.S.E. IS ALSO ATTATCHED)

THANK YOU

FEB 22, 2008

JASON L. BACHMEIER

JASON L. BACHMEIER K52314
CSP - CORCORAN 4B4R·18
P.O Box 3481
CORCORAN, CA 93212

LEGAL MAIL

CLERK'S OFFICE: U.S DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
450 GOLDEN GATE AVENUE, 16TH FLOOR
SAN FRANCISCO, CA 94102



Hasler

02/26/2008

US POSTAGE