NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JASON LEE BACHMEIER, | No. C 07-02924 JF (PR) |
| Petitioner, | ORDER GRANTING MOTION TO DISMISS |
| vs. | |
| D. ADAMS, Warden, et al., | (Docket No. 10) |
| Respondent. | |

Petitioner, a California prisoner, filed a pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging his state conviction. Respondent has moved to dismiss the petition as untimely (Docket No. 10). Petitioner filed an opposition  For the reasons discussed below, the Court grants Respondent's motion.

**BACKGROUND**

In 2003, Petitioner pled nolo contendere in Sonoma County Superior Court to charges of receiving stolen property, evading arrest, possessing drugs, and being a felon in possession of a firearm. On August 21, 2003, the trial court sentenced him to a term of seven years and four months in state prison.   Petitioner did not appeal his conviction or sentence.

On October 25, 2006, Petitioner filed a petition for a writ of habeas corpus in the superior court, and it was denied on December 5, 2006. On June 25, 2006, Petitioner

filed a petition for a writ of habeas corpus in the California Supreme Court, and it was denied on July 18, 2007. The instant federal petition was filed in on June 5, 2007.

## DISCUSSION

A.   Statute of Limitations

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") became law on April 24, 1996, and imposed for the first time a one-year statute of limitation on petitions for a writ of habeas corpus filed by state prisoners. The one-year period generally will run from "the date on which the judgment became final by conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A).[1]

Where, as here, a Petitioner does not seek direct review in the state court of appeals or the state supreme court, the limitation period will begin running the day after the date on which the time to seek such review expires, see Smith v. Duncan, 297 F.3d 809, 812-13 (9th Cir. 2002), which, in California, is 60 days after the entry of judgment, see Cal. Rule of Court 31(a). In the instant case, the trial court judgment was entered on August 21, 2003, and the limitation period began to run 60 days later, on October 20, 2003. The limitation period expired one year later, on October 20, 2004. The instant petition was not filed until almost three years later. Thus, absent tolling, the instant petition is untimely.

B.   Tolling

Section 2244(d)(2) tolls the one-year limitation period for the "time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2). Petitioner did not file his first state habeas petition until October 25, 2006, approximately two years after the limitation period had expired. A state habeas petition filed after AEDPA's statute of limitation ended cannot toll the limitation period under § 2244(d)(2). See

---

[1] In rare instances not presented in this case, the limitation period may start on a different date. See 28 U.S.C. § 2244(d)(1)(B)-(C).

Ferguson v. Palmateer, 321 F.3d 820, 823 (9th Cir. 2003); Jiminez v. Rice, 276 F.3d 478, 482 (9th Cir. 2001). As Petitioner did not file his state habeas petitions until after the limitation period had expired, he is not entitled to tolling of the limitation period under 28 U.S.C. § 2244(d)(2).

Petitioner does not explicitly argue that he is entitled to equitable tolling, but he makes several conclusory statements in his opposition that could be construed as making such an argument.[2] Equitable tolling will not be available in most cases because extensions of time should be granted only if "extraordinary circumstances beyond a prisoner's control make it impossible to file a petition on time." Calderon v. United States District Court (Beeler), 128 F.3d 1283, 1288 (9th Cir. 1997) (citation and internal quotation omitted). The Ninth Circuit has held that the petitioner bears the burden of showing that this "extraordinary exclusion" should apply to him. Miranda v. Castro, 292 F.3d 1063, 1065 (9th Cir. 2002). The petitioner must establish two elements in order to be granted equitable tolling: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." Raspberry v. Garcia, 448 F.3d 1150, 1153 (9th Cir. 2006) (quoting Pace v. DiGuglielmo, 544 U.S. 408, 419 (2005)). When a prisoner is proceeding pro se, his allegations regarding diligence in filing a federal petition on time must be construed liberally. Roy v. Lampert, 455 F.3d 945, 950 (9th Cir. 2006).

The prisoner also must show that "the 'extraordinary circumstances' were the cause of his untimeliness." Spitsyn v. Moore, 345 F.3d 796, 799 (9th Cir. 2003) (citations omitted). Where a prisoner fails to show "any causal connection" between the grounds upon which he asserts a right to equitable tolling and his inability to timely file a federal habeas application, the equitable tolling claim will be denied. Gaston v. Palmer, 417 F.3d 1030, 1034-35 (9th Cir. 2005).

Petitioner states that he is a "layman" lacking "education and knowledge of the

---

[2] The majority of his opposition is devoted to arguing the merits of the claims in his petition and does not address the petition's timeliness.

1  AEDPA." (Opposition at 2.) Petitioner's lack of legal experience does not constitute an
2  extraordinary circumstance warranting equitable tolling, see Raspberry, 448 F.3d at 1154,
3  nor does his indigence, Cantu-Tzin v. Johnson, 162 F.3d 295, 299-300 (5th Cir. 1998)
4  (pro se status during state habeas proceedings did not justify equitable tolling). Petitioner
5  further states that his prison does not provide "current legal materials in the prison law
6  library," and that access to the law library is "limited." (Opposition at 2.) Petitioner does
7  not indicate what legal materials were missing from the law library, when they were
8  missing, how his law library access was limited or when such limitations were imposed.
9  As a result, it cannot be discerned from his allegations, even if they are liberally
10 construed and assumed to be true, that any missing legal materials or limitations on his
11 law library access caused the delay in his filing his state or federal petitions. See Gaston,
12 417 F.3d at 1034-35. In addition, Petitioner sets forth no allegations of his own diligence.
13 Consequently, there is no basis for finding that his federal petition was delayed despite
14 his diligent efforts to present his claims in state or federal post-conviction proceedings.
15 In the absence of more specific allegations that indicate that the delay in his petition was
16 caused by extraordinary circumstances beyond his control, as well as allegations of his
17 own diligence, Petitioner is not entitled to equitable tolling of the limitations period.
18       As Petitioner is not entitled to statutory or equitable tolling, the instant petition is
19 not timely, and Respondent's motion to dismiss is GRANTED.

## CONCLUSION

21       For the foregoing reasons, Respondent's motion to dismiss the petition as untimely
22 (Docket No. 10) is GRANTED. The instant petition for a writ of habeas corpus is
23 DISMISSED.
24       The Clerk shall enter judgment and close the file.
25       IT IS SO ORDERED.
26 DATED: 8/26/08

JEREMY FOGEL
United States District Judge